798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie ROGERS, III, Petitioner-Appellant,
v.
Robert REDMAN, Respondent-Appellee.
 No. 85-1536.
 United States Court of Appeals,
Sixth Circuit.
 June 13, 1986.
 
 Before ENGEL and CONIIE, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Jimmie Rogers, III, appeals a judgment entered in the United States District Court for the Eastern District of Michigan denying his petition for habeas corpus brought pursuant to 28 U.S.C. Secs. 2254. Rogers and co-defendant Vernard McGough were convicted of second degree murder i n Detroit Recorders Court on June 19, 1980. Rogers was sentenced to life imprisonment for the murder charge and a consecutive two-year term for a weapons violation. His convictions were upheld by the Michigan Court of Appeals and leave to appeal was denied by the Michigan Supreme Court. This petition followed.
 
 
 2
 Rogers and McGough were convicted for the murder of Anthony Lowrey. Courtney Payton was also implicated in the murder, but testified at the trial as a government witness. The state's theory was that Lowrey was shot in the shoulder during an attempt by Rogers, McGough and Payton to rob him. Some time after his arrest, McGough signed a written confession which implicated Rogers in the crime. Counsel for Rogers made a pretrial motion to sever the trial on the basis of the confession, which was denied. The motion was renewed just prior to opening statements and again was denied by the trial judge. There is no dispute that McGough executed the confession. However, he testified at the trial that he thought he was signing a "constitutional rights form" when he signed the confession. McGough's trial testimony was that Payton committed the robbery and the shooting without his or Rogers' knowledge. He stated that he and Rogers were inside a party store at the time Payton shot Lowrey. Rogers also took the stand and testified at trial.
 
 
 3
 In his petitions, Rogers asserted that he was denied a fair trial by the trial court's failure to sever the trial, that he was denied a fair trial by the trial court's refusal to grant a mistrial after two outbursts were made from a, courtroom spectator, and that he was denied a fair trial by the trial court's admission of the victim's blood stained shirt. The district court rejected each claim. Rogers appeals.
 
 I.
 
 4
 As an initial matter, we take note of the state's assertion that Rogers' failure to file objections to the magistrate's report and recommendation with specificity precludes his doing so by way of an appeal after the district court had adopted the report and recommendation and entered final judgment thereon. The state relies upon our decision in United States v. Waiters, 638 F.2d 947 (6th Cir.1981), which announced a rule subsequently affirmed by the Supreme Court in Thomas v. Arn, 106 S. Ct. 466 (1985). In Walters, we held that the failure by a party to file timely objections to a report and recommendation under 28 U.S.C. Sec. 636 waives the right to any further appeal. The Supreme Court upheld this rule as a valid exercise of our supervisory power, but recog nized at the same time that we did not intend in Walters to propose a jurisdictional bar on habeas petitions but, rather, had adopted a procedural rule which would promote the efficient use of judicial resources by requiring the parties to focus their dispute on appeal. Rogers proceeded pro se in the district court, and while we do not conceive that we are bound under Walters or Arn from applying the same rule to pro se litigants as we have to those represented by counsel, neither do we conceive that we are precluded from considering his appeal, especially where the objections were timely filed but unspecific, but no objection was made on this account in the district court. Cf. Patterson v. Mintzes, 717 F.2d 284 (6th Cir.1983). We therefore proceed to the merits of the appeal.
 
 II.
 
 5
 We agree with the district court that the state court's refusal to sever the trial on the basis of McGough's confession which implicated Rogers did not deny Rogers a fair trial. Under the facts of this case, the magistrate correctly ruled that this issue is governed Nelson v. O'Neil, 402 U.S. 622 (1971). In Nelson, the Supreme Court held that there is no impingement of the Sixth or Fourteenth Amendment rights to confrontation where a co-defendant "takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts ...." 402 U.S. at 629. Just such a situation was present in this case as the district court correctly found.
 
 
 6
 Rogers also challenges the district court's ruling that he was not denied a fair trial by the trial court's refusal to grant a mistrial. Twice during opening statements made by counsel for McGough a spectator in the gallery stated, "He shot my brother." The statements were made within moments of each other. Counsel continued his presentation after the first statement was made. After the second statement, the trial judge cautioned the jury that family members have strong feelings and that the case was to be tried on the facts presented in court. The judge also instructed the jury to disregard the outbursts. Court was then recessed for the day. The following morning the judge cautioned the jury again to disregard the outbursts. Counsel for Rogers then made a motion for a mistrial which was denied.
 
 
 7
 We have examined the trial judge's admonition to the jury and are satisfied that it was sufficient to relieve any prejudice to Rogers caused by the remarks. We also note that it appears from the record before this court that the spectator referred to McGough when he stated that "He shot my brother." In arguing his motion for a mistrial, Rogers' trial counsel alluded to the statements made by the victim's brother as being statements "alleging that Mr. McGough killed his brother." App. at 60. We agree with the district court that the outbursts did not preclude Rogers from obtaining a fair trial, especially where it appears that McGough, not Rogers, was the object of the spectator's accusations and where fully curative instructions were given by the trial judge.
 
 
 8
 Rogers' final contention is that the district court erred by concluding that the admission into evidence of the victim's blood stained shirt did not deny him a fair trial. The shirt was introduced by way of an offer of proof by the state outside the presence of the jury. The state's position was that the shirt was corroborative of testimony that the victim was shot in the right shoulder. The trial judge heard objections by the defendants that the shirt would inflame the jury and that there was sufficient other evidence to establish the location of the bullet wound.
 
 
 9
 The trial judge asked the parties whether they could work out some solution. The parties thereafter agreed to keep the shirt out of evidence and to allow a witness to testify as to the location of the bullet hole. After they presented their agreement, the trial judge stated his opinion that the physical evidence is corroborative. The state then moved for its admission and the court granted that motion.
 
 
 10
 It is not for us to comment on the trial court's exercise of discretion in seeking a reasonable agreement among the parties on an evidentiary matter and then refusing to accept it, for we agree with the district court that no constitutional violation occurred as a result. The bloodstained shirt certainly had relevance to the issues at trial, and its admission in any event cannot be said to have rendered the trial so fundamentally unfair as to constitute a denial of due process. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 11
 We conclude that the district court did not err in any of its rulings appealed to this court.
 
 
 12
 AFFIRMED.