**Roy Allen WEBSTER,
Petitioner-Appellant,**

v.

**John D. REES, Warden; Steven Beshear, Attorney General of the State of Kentucky, Respondents-Appellees.**

**No. 82–5625.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1984.

Decided March 20, 1984.

Charles H. Cox, Jr., court-appointed, argued, Louisville, Ky., for petitioner-appellant.

David Armstrong, Atty. Gen. of Ky., Martin Glazer, J., Gerald Henry, argued, Asst. Attys. Gen., Frankfort, Ky., for respondents-appellees.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and BROWN, Senior Circuit Judge.

LIVELY, Chief Judge.

The petitioner appeals from the judgment of the district court denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in a Kentucky court of rape and robbery and received consecutive sentences of twenty and ten years respectively. His conviction on both counts was affirmed by the Supreme Court of Kentucky. After exhausting state remedies as to the issues upon which he relies in this federal action, petitioner commenced the present habeas corpus proceedings.

Petitioner contends that his right to a fair trial was violated by the admission of evidence of other crimes and by the closing argument of the state prosecutor. After considering both claims the district court adopted the recommendation of a magistrate and dismissed the petition. Consideration of the first claim of error requires a brief recitation of the facts.

The prosecuting witness, a 19-year-old woman, testified that the petitioner accost-ed her in the late afternoon as she was preparing to go to work at a restaurant in Covington, Kentucky. She had just parked her car and was leaning over to lock the door on the passenger side when the petitioner, whom she had never seen before, got into the car with a gun and told her they were going for a ride. While holding the pistol inside his jacket with one hand, the petitioner drove the witness's car away from the restaurant. When the witness attempted to get out of the car the petitioner put the gun in her side. The witness said she knew nothing about guns and she was terribly frightened. The witness testified that after driving to a secluded spot the petitioner raped her, threatening her with the gun when she resisted. The petitioner also took money from her purse. The witness eventually escaped and reported what had happened to two men at a gasoline station. The petitioner was detained by the men until the police arrived.

While describing the petitioner's conduct after he had commandeered her car the witness testified that the petitioner told her he liked to do things for the thrill of it, that he and three others had robbed a club in Chicago and that somebody was after him. Counsel objected to this testimony and the trial court admitted it on the ground that the statement was made to the witness and it showed petitioner's state of mind. The Supreme Court of Kentucky held that the statement was admissible to show the state of fear which the petitioner induced in the witness. Her fear was a material issue in this trial for forcible rape and robbery where the petitioner claimed at trial that the witness consented to intercourse, that no force was used and that he had not robbed her.

The Supreme Court of Kentucky found the evidence of petitioner's statement to the witness admissible because it was relevant to issues in the case. We agree with this ruling. However, even if the evidence had been erroneously admitted this would not be a proper basis for granting habeas relief unless the admission of the evidence rendered the trial "so fun-

damentally unfair as to constitute a denial of federal rights." *Logan v. Marshall*, 680 F.2d 1121, 1123 (6th Cir.1983) (per curiam), quoting *Gillihan v. Rodriguez*, 551 F.2d 1182, 1193 (10th Cir.) *cert. denied*, 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111 (1977). Federal courts sitting in habeas corpus actions are not concerned with evidentiary rulings of state trial courts unless such rulings result in the denial of due process.

■ The second allegation of error relates to the closing argument of the prosecutor. It was a hard-hitting argument which characterized the petitioner as a liar. The prosecutor reminded the jury of the conflicting stories which the petitioner had told at various times since his arrest. In the course of the argument the prosecutor displayed a weapon which he said was a "Saturday Night Special." This was not the gun which the witness had described. The one displayed by the prosecutor had not been introduced or admitted as an exhibit and had not been referred to by any witness. On the other hand, the gun which was taken from the petitioner at his arrest had been admitted as an exhibit. It had a steel bar across the barrel and appeared to be inoperable.

The respondents argue that the purpose of this conduct of the prosecutor was to show the jury that the witness was justified in fearing for her life since the gun which the petitioner used resembled the "Saturday Night Special" which the prosecutor displayed. The Supreme Court of Kentucky called the closing argument "deplorable" and said it warranted criticism. The magistrate agreed. Yet both found that the argument was not sufficiently prejudicial to require a new trial. As both the Kentucky court and the magistrate noted, there was no objection to the prosecutor's argument and at least a part of the argument was engendered by the petitioner's shifting ground in his various statements and his concession on cross-examination that he had lied to the arresting officers.

The prosecuting attorney seriously exceeded the bounds of permissible argument by repeatedly calling the petitioner a liar instead of just reviewing the evidence which detailed the inconsistencies in his statements and the concession of his lie to the police. In addition, it was highly improper for the prosecutor to display an object to the jury which had not been admitted as an exhibit and argue from it as if it were evidence in the case. Further, the term "Saturday Night Special" has especially pejorative connotations. Such inflammatory argument is inexcusable.

Despite our strong disapproval of the prosecutor's conduct in this case, we nevertheless conclude that the conduct was not so egregious as to require Kentucky to grant petitioner a new trial. This court, sitting en banc, recently set forth the legal standard by which we judge a state prosecutor's conduct which forms the basis of a claim for habeas relief:

> Our Court has identified the factors we are to consider in weighing the extent of prosecutorial misconduct in habeas cases.
>
> > In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*United States v. Leon*, 534 F.2d 667, 679 (6th Cir.1976). However, even when reviewing prosecutorial misconduct on direct appeal, this Court has remarked:

> More commonly, however, the complained-of conduct will not rise to *reversible error*, notably if it is not flagrant, where proof of guilt is overwhelming, where counsel does not object and/or where the trial judge steps in and admonishes the jury [citations omitted]. Indeed, it is notable how often courts cite improper argument by a prosecutor and how seldom they reverse convictions because of it.

*United States v. Bess*, 593 F.2d 749, 757 (6th Cir.1979) (emphasis in original).

*Angel v. Overberg,* 682 F.2d 605, 608 (6th Cir.1982). *See also, Cook v. Bordenkircher,* 602 F.2d 117 (6th Cir.1979).

Viewing the totality of circumstances we do not consider the argument and conduct in this case so egregious as to have denied petitioner a fair trial. The evidence of guilt was absolutely overwhelming and the defense was transparent. There was no objection to the argument and, though presented in an unacceptable manner, the references to petitioner's veracity had support in the record. The conduct relating to the weapon cannot be found to have tilted the scales in favor of a guilty verdict, given the abundant evidence of the genuine fear which the witness felt, regardless of the true nature of the weapon with which the petitioner threatened her.

We have found no due process violation in this case. Nevertheless, all prosecutors should be aware of their responsibility as public officers to conduct themselves properly in criminal trials. The American Bar Association has adopted Standards Relating to the Prosecution Function which define the prosecutor's role. Speaking of federal prosecutors in terms which apply equally to state prosecutors, the Supreme Court defined that role nearly 50 years ago in oft-quoted language that cannot be improved upon:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

The judgment of the district court is affirmed.