782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES C. PIERATT, Petitioner-Appellant,
v.
ARNOLD R. JAGO, SUPERINTENDENT, Respondent-Appellee.
 84-3956
 United States Court of Appeals, Sixth Circuit.
 12/9/85
 
 ORDER
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the district court's order denying his habeas corpus petition brought under 28 U.S.C. Sec. 2254. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was convicted in Ohio of aggravated burglary and sentenced to six to twenty-five years. He appealed his conviction to the Ohio appellate court, raising eight assignments of error. The appellate court affirmed the conviction. Petitioner then filed a petition for leave to appeal to the Ohio Supreme Court, raising a single issue, i.e., whether the prosecution witnesses' statements unfairly attacked petitioner's character and deprived him of a fair trial. The Ohio Supreme Court denied leave to appeal. Petitioner was represented by counsel in the state proceedings.
 
 
 3
 Petitioner filed this pro se habeas corpus petition raising the same eight grounds for relief raised in his direct appeal in the Ohio Appellate Court. The district court denied the petition on the grounds that the prosecution witnesses' statements had not deprived petitioner of a fair trial and the remaining seven issues were barred from federal review under Wainwright v. Sykes, 433 U.S. 72 (1977). We affirm.
 
 
 4
 Petitioner's first claim for relief is that comments and statements made by prosecution witnesses reflecting on his character and criminal record violated his due process rights to a fair trial. He claims that the trial court should have granted a mistrial. State court rulings on evidence and procedure are matters of state law generally not cognizable in federal habeas corpus actions unless they have deprived the defendant of a fundamentally fair trial. Engle v. Isaac, 456 U.S. 107 (1982); Webster v. Rees, 729 F.2d 1078 (6th Cir. 1984); Logan v. Marshall, 680 F.2d 1121 (6th Cir. 1982). When a state prosecutor's conduct forms the basis of a federal habeas claim, the federal court must weigh the tendency of the challenged remarks to mislead and prejudice the jury, whether the remarks are isolated or extensive, whether they were deliberate or accidental, and the strength of competent proof of guilt. If the prosecutorial misconduct is not flagrant, proof of guilt is overwhelming, and the trial judge admonishes the jury to disregard the remarks, habeas relief is not warranted. Webster v. Rees supra, 729 F.2d at 1080. After reviewing the state trial transcript, we find that petitioner was not deprived of a fundamentally fair trial and is not entitled to habeas corpus relief on this ground.
 
 
 5
 On the remaining seven grounds, the district court held that petitioner waived his right to raise these issues in a habeas proceeding by his failure to raise them in his application to appeal to the Ohio Supreme Court. Under Wainwright v. Sykes, supra, a federal court in a habeas corpus action is precluded from reviewing constitutional issues that were barred from state review by a state procedural default unless the petitioner can demonstrate cause for the default and actual prejudice. See Reed v. Ross, ---- U.S. ----, 104 S.Ct. 2901 (1984); Engle v. Isaac, supra. Failure to raise issues on direct appeal to the state supreme court is a procedural default to which the Wainwright rule applies. Leroy v. Marshall, 757 F.2d 94 (6th Cir. 1985); see Payne v. Rees, 738 F.2d 118 (6th Cir. 1984). Petitioner claims that his appellate counsel's failure to raise the seven issues before the Ohio Supreme Court constitutes 'cause' sufficient to overcome the Wainwright bar. However, counsel's failure to raise an issue on direct appeal is not 'cause' under Wainwright. Leroy v. Marshall, supra, 757 F.2d at 100; see Engle v. Isaac, supra; McBee v. Grant, 763 F.2d 811 (6th Cir. 1985). Therefore, petitioner's failure to demonstrate cause for his procedural default bars federal review of the issues.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).