876 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilford WILSON, Petitioner-Appellant,
v.
Michael DUTTON, Warden, Respondent-Appellee.
 No. 88-6228.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1989.
 
 1
 Before RALPH B. GUY and RYAN, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 Wilford Wilson, a pro se Tennessee prisoner, appeals the district court's order dismissing his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Wilson was convicted of aggravated rape and crimes against nature and thereafter sentenced to life imprisonment on the aggravated rape conviction and ten to fifteen years on the crimes against nature conviction. Following exhaustion, Wilson filed a petition for writ of habeas corpus. The case was referred to a magistrate whose report recommending denial of the petition was adopted over petitioner's timely objections.
 
 
 4
 Upon consideration, we conclude that the district court properly denied Wilson's petition for habeas relief because he failed to show he was denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). The district court did not err in determining that the evidence adduced at Wilson's trial was sufficient to sustain his conviction. Viewing the evidence in a light most favorable to the government, see York v. Tate, 858 F.2d 322, 327-28 (6th Cir.1988), we conclude that a reasonable trier of fact could have found Wilson guilty of the crimes charged beyond a reasonable doubt. The gravamen of Wilson's insufficient evidence claim is that the non-motile sperm found in the victim could not have been his because he had fathered two children in the past and was therefore undoubtedly fertile. We find this argument unpersuasive, however, as it incorrectly presupposes that motility is equivalent to fertility. Wilson's claim is frivolous.
 
 
 5
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation