883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony W. WILSON, Petitioner-Appellant,
v.
William SEABOLD, Warden, Kentucky State Penitentiary,
Respondent-Appellee.
 No. 89-5170.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 Before ENGEL, Chief Judge, and KEITH and BOYCE F. MARTIN, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Anthony W. Wilson, a pro se Kentucky prisoner, appeals from the district court's dismissal of his habeas corpus action filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Wilson sought to attack his 1987 jury conviction of receiving stolen property and being a persistent felony offender, for which he received a 10 year sentence. After fully exhausting his state court remedies, Wilson alleged that he was denied due process and the right of confrontation when the prosecution was permitted to use hearsay testimony in three instances during his trial.
 
 
 4
 Upon review of the magistrate's report and Wilson's timely objections, the district court granted respondent's motion for summary judgment and dismissed the case. Wilson has filed a timely appeal raising the same issues which were before the district court.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment for the respondent because there was no genuine issue as to any material fact and the respondent was entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 6
 In this instance, the admission of hearsay statements was harmless error which did not rise to constitutional proportions because they did not render the trial "so fundamentally unfair" as to deny Wilson's right of confrontation. See Webster v. Rees, 729 F.2d 1078, 1080 (6th Cir.1984).
 
 
 7
 The prosecution's principal evidence against Wilson was the testimony of an eyewitness who was previously acquainted with Wilson. He observed Wilson driving a stolen automobile from a distance of no more than six inches from the closed car window and in good light. Wilson complains of hearsay testimony concerning an anonymous tip that led police to "stake out" the stolen vehicle and of a statement by a police officer that another person had told him that he saw Wilson and another individual riding in the stolen car the day before Wilson was observed driving the car by the eyewitness. However, these hearsay statements were of peripheral significance to the prosecution case in light of the eyewitness testimony. Dutton v. Evans, 400 U.S. 74, 87 (1970); United States v. Bernard S., 795 F.2d 749, 754 (9th Cir.1986).
 
 
 8
 Moreover, because we conclude that the trial record establishes Wilson's guilt beyond a reasonable doubt, the admission of the hearsay statements was harmless error. See Rose v. Clark, 478 U.S. 570, 579 (1986).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.