897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. OVEGIAN, Petitioner-Appellant,
v.
Denise QUARLES, Respondent-Appellee.
 Nos. 89-1025, 89-1063.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1990.
 
 BEFORE BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 David A. Ovegian appeals the judgment of the district court denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 It is noted that Ovegian filed a time tolling motion to reconsider the judgment (December 16, 1988) which rendered his first notice of appeal (89-1025) a nullity. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). Therefore, the appeal under 89-1025 must be dismissed for lack of jurisdiction. Additionally, Ovegian filed a notice of appeal from the district court's order denying reconsideration which affords this court jurisdiction to review the underlying judgment in case number 89-1063. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, U.M.W., 484 F.2d 78, 85 (6th Cir.1973).
 
 
 3
 Ovegian claimed that he was convicted of first-degree murder in violation of the double jeopardy clause of the fifth amendment. The district court found no violation and denied the petition. Upon review we conclude the writ was properly denied as Ovegian's conviction is not fundamentally unfair. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 4
 Upon a motion by defense counsel, the state trial judge reduced the charge from first-degree murder to one of second-degree. The prosecution moved to stay the proceedings on the grounds that the state was filing an emergency application for leave to appeal. The court denied the prosecutor's motion. Up to this point, the jury had been selected but not sworn. After the court denied the state's motion the jury was sworn. The trial commenced and proceeded through the prosecutor's opening statement when the Michigan Court of Appeals granted a stay of proceedings and reversed the trial court's reduction of the charges from first-degree to second-degree murder.
 
 
 5
 Jeopardy had not attached to Ovegian's trial at the time when the Michigan trial court reduced the charge. See Serfass v. United States, 420 U.S. 377 (1975) (jeopardy attaches in a jury trial when the jury has been impaneled and sworn). Nor did the reinstatement of the first-degree murder charge constitute a violation of the double jeopardy clause of the fifth amendment.
 
 
 6
 Accordingly, for the reasons set forth in the district court's memorandum opinion and order dated December 1, 1988, we hereby affirm the judgment of the district court under review in case no. 89-1063 pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. The appeal under 89-1025 is hereby dismissed pursuant to Rule 9(b)(1), Rules of the Sixth Circuit.