899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Teresa GRIFFITH, Petitioner-Appellant,
v.
Sherman CAMDEN, Boyle County Jail; Attorney General,
Commonwealth of Kentucky, Respondents-Appellees.
 No. 89-5678.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before KEITH and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Teresa Griffith, a Kentucky state prisoner represented by counsel, appeals the district court's order dismissing her petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254.
 
 
 4
 Following a jury trial, Griffith was found guilty of first degree sexual abuse and second degree assault. She was sentenced to five years on each charge, with the sentences to run concurrently.
 
 
 5
 After exhausting state court remedies, Griffith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Eastern District of Kentucky. As the sole argument in support of her claim to that relief, she maintained that she was denied her sixth amendment right to confront witnesses against her.
 
 
 6
 After consideration of the response and motion to dismiss or, in the alternative, motion for summary judgment, a magistrate determined that Griffith's sixth amendment right to confront witnesses against her was not violated and recommended the dismissal of the petition for habeas relief. Despite Griffith's objections, the district court agreed and entered judgment in favor of the respondents. Griffith then filed this appeal.
 
 
 7
 Upon consideration, we conclude that Griffith was not denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 8
 Griffith was not denied her sixth amendment right to confront a witness against her. Griffith argued that her sixth amendment right to confront witnesses against her was violated when the trial court denied her the opportunity to cross-examine the complainant about an indictment which was pending against the complainant at the time she filed the complaint against Griffith, the charge on which she was convicted, and the fact that she was currently on probation from that conviction. Griffith argued that such information, if presented to the jury, would have provided a motive as to why the complainant would file false charges and provide false testimony against Griffith.
 
 
 9
 The sixth amendment guarantees criminal defendants the right to cross-examine adverse witnesses to uncover possible bias and to expose the witness' motivation in testifying. See Davis v. Alaska, 415 U.S. 308, 315-16 (1974); Adcock v. Commonwealth, 702 S.W.2d 440, 441 (Ky.1986). However, this is not an absolute right. A trial court in its discretion may limit the scope of cross-examination of a witness where the matter that the defendant intends to pursue on cross-examination is irrelevant. See Stevens v. Bordenkircher, 746 F.2d 342, 346 (6th Cir.1984). The test in determining whether the examination should be allowed is whether the jury is already in possession of sufficient information to make a discriminatory appraisal of the victim's motives for testifying. See United States v. Christian, 786 F.2d 203, 213 (6th Cir.1986).
 
 
 10
 In the present case, Griffith was able to bring out evidence of the complainant's drug and alcohol use. In addition, the complainant admitted to having a prior felony conviction, which the jury was admonished to consider for purposes of judging her credibility. Under these circumstances, we conclude the jury was in possession of sufficient information to make a discriminatory appraisal of the complainant's motives for testifying. Further pursuit of Griffith's proposed line of cross-examination would merely have been cumulative. Moreover, the record reflects that the complainant testified that she received no favorable treatment in her drug case for her testimony in the present case, thus showing she had no motive to lie in order to curry favorable treatment from the prosecution. See Williams v. Commonwealth, 569 S.W.2d 139, 145 (Ky.1978). Under the totality of the circumstances, refusal to allow Griffith's counsel to pursue the proposed line of cross-examination did not rise to a level of a constitutional magnitude. Therefore, the district court correctly concluded that Griffith's sixth amendment right to confront witnesses against her was not violated.
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation