899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Carl HIGGS, Petitioner-Appellant,
v.
Glenn HAEBERLIN, Respondent-Appellee.
 No. 89-5638.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before KRUPANSKY and MILBURN, Circuit Judges, and WILLIAM K. THOMAS, Senior District Judge.*
 
 ORDER
 
 2
 Petitioner appeals the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner is incarcerated in Kentucky pursuant to 1979 jury convictions for murder and for being a first degree persistent felony offender (PFO). His forty year sentence was enhanced to life imprisonment. After exhausting his state court remedies, petitioner filed his petition for habeas corpus in the Western District of Kentucky. In support of his claim for habeas corpus relief, he maintained that his conviction was invalid because: 1) he had not received effective assistance of counsel; 2) his conviction was obtained by a violation of the privilege against self-incrimination; 3) he was denied his sixth amendment right to a fair trial where he was not allowed to confront and cross-examine his accusers; and 4) he was denied due process when the trial court overruled his motion for a new trial for lack of jurisdiction as his direct appeal was pending. The district court determined that petitioner's claims were without merit and denied the petition. This appeal followed.
 
 
 4
 Upon consideration, we conclude that the district court properly denied the petition for habeas corpus relief as petitioner was not denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 5
 The district court properly rejected petitioner's ineffective assistance of counsel claim. To prevail on a claim for ineffective assistance of counsel, petitioner must demonstrate both that his counsel's conduct was actually deficient and that he was so prejudiced thereby that the trial was unfair and its result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Petitioner alleges six separate instances of inadequate representation by his trial counsel, none of which can sustain a claim of ineffective assistance of counsel. First, petitioner argues that his counsel failed to object to perjured and inconsistent testimony of Detective Terry Clark. Detective Clark's testimony concerned incriminating statements made by petitioner at the time of his arrest. Petitioner argues that Detective Clark's testimony conflicted with an investigative report prepared at the time of his arrest and that his counsel, on cross-examination, should have produced the report for impeachment purposes. A review of the record, however, indicates that defense counsel cross-examined Detective Clark vigorously on this issue. Counsel had the opportunity to observe and evaluate Clark's appearance and demeanor on the stand as well as the impact his testimony had on the jury. Counsel's decision not to launch a more vigorous attack on Clark was a sound strategy, and cannot be said to constitute ineffective assistance of counsel.
 
 
 7
 Petitioner's second allegation of error is that counsel failed to move for recusal of the trial judge. There are no allegations of fact in the record, however, supporting bias or prejudice on the part of the trial judge. Because recusal was inappropriate, petitioner was not prejudiced by the failure of his counsel to move for recusal.
 
 
 8
 Petitioner's third allegation of error is that his counsel failed to move for the suppression of show-up and photographic identification. It is apparent from the record that a key element of the defense strategy was to show the weakness in the identification testimony. In fact, according to the affidavit of petitioner's trial counsel, petitioner was advised not to seek suppression of the identification because two of the four prosecution witnesses could not identify petitioner after viewing him in person. Such a strategy does not demonstrate that petitioner's counsel was not functioning as "counsel" guaranteed by the sixth amendment pursuant to the Strickland test.
 
 
 9
 Petitioner's fourth allegation of error is that counsel failed to request instructions on the lesser included offense of first-degree manslaughter. An instruction on lesser included offenses is required only when the evidence so warrants. See Hopper v. Evans, 456 U.S. 605, 611-12 (1982). Petitioner admitted to shooting the victim in statements made to police officers while en route to the county jail. Nothing in those statements indicates a temporary state of mind or one so disturbed or inflamed as to overcome petitioner's judgment and cause him to act uncontrollably. See McClellan v. Commonwealth, 715 S.W.2d 464, 468-69 (Ky.1986), cert. denied, 479 U.S. 1057 (1987). His conduct was planned. Furthermore, there is no claim by petitioner that he was unable to control his actions. Because an instruction on a lesser included offense was not warranted by the evidence, petitioner was not prejudiced by the failure of his trial counsel to make such a request.
 
 
 10
 Petitioner's fifth allegation of error is that his counsel failed to move for a directed verdict of acquittal where the evidence was insufficient to prove murder. Petitioner's claim is merely an attack on the sufficiency of the evidence to sustain his conviction. Because the record reflects sufficient evidence upon which a rational trier of fact could have found petitioner guilty, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), petitioner was not prejudiced by the failure of his trial counsel to move for a directed verdict of acquittal.
 
 
 11
 Petitioner's final allegation of error is that his counsel failed to object to the use of five prior convictions during the PFO phase of the trial. Specifically, petitioner challenges his counsel's failure to object to the manner in which the five prior felonies were admitted. This same argument was raised on petitioner's direct appeal to the Kentucky Supreme Court. That court held that the manner in which the evidence of petitioner's prior felony convictions was admitted was proper under state law. A determination of state law by the supreme court of that state is binding on this court. See Payne v. Smith, 667 F.2d 541, 548 (6th Cir.1981), cert. denied, 456 U.S. 932 (1982). Accordingly, there is no merit in petitioner's ineffective assistance of counsel claims.
 
 
 12
 Petitioner also argues that he was denied his fifth amendment right against self-incrimination in the use of post-arrest statements made by petitioner to Detective Clark. The merits of this claim were addressed by the Supreme Court of Kentucky in petitioner's direct appeal. That court found that petitioner was advised of his Miranda rights en route to the homicide office. Petitioner was again advised of his rights at the homicide office where he signed a document acknowledging being informed of his rights and a waiver. The Supreme Court concluded that petitioner voluntarily waived his Miranda rights and that the incriminating statements made en route to the jail were properly admitted. The findings of fact which led to this conclusion are presumed to be correct as petitioner has not shown by convincing evidence that the supporting facts were erroneous. See Sumner v. Mata, 455 U.S. 591, 593 (1982) (per curiam). The legal conclusion that petitioner made his statements voluntarily is reasonable and allowable under the circumstances. Thus, there is no basis for error in the district court's denial of this ground for relief.
 
 
 13
 Petitioner further argues that he was denied his right to confrontation when the trial court permitted the Jefferson County coroner to testify as to the victim's cause of death even though the coroner did not conduct the autopsy upon which he based his opinion. This argument was before the Supreme Court of Kentucky on direct appeal. That court held that a properly qualified expert may base his conclusion upon information supplied by third parties so long as it is of a type customarily relied upon in the practice of his profession. That determination is binding on this court. See Payne, 667 F.2d at 548. Thus, there is no basis for error in the district court's denial of this ground for relief.
 
 
 14
 Petitioner's final claim for relief reiterates arguments raised in his ineffective assistance of counsel claim and need not be addressed any further.
 
 
 15
 For the foregoing reasons, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation