909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. REDDICK, Jr., Petitioner-Appellant,
v.
John PRELESNIK, Superintendent, Respondent-Appellee.
 No. 89-2307.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1990.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JAMES D. TODD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William A. Reddick, Jr., requests counsel and appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Following a jury trial Reddick was convicted of second degree murder and was sentenced to 20 to 60 years imprisonment.
 
 
 4
 Reddick claimed that (1) the prosecutor impermissibly commented on his failure to testify and shifted the burden of proof; (2) his in-court identification by a witness was improper; (3) photographs of the murdered victim were prejudicial and improperly shown to the jury, and (4) the sentencing judge had predetermined his sentence and denied him the right of allocution. With no objections to the magistrate's report and recommendations filed, the district court adopted the magistrate's report and dismissed Reddick's petition as without merit.
 
 
 5
 Although Reddick did not file timely objections to the magistrate's report, it is uncertain that he timely received the report given his transfer to another correctional facility at the time the report was filed. We shall therefore entertain this appeal in the interests of justice. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 6
 On appeal, Reddick abandons the issues concerning the photographs and the right of allocution, and they are therefore not reviewable on appeal. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Reddick's new argument concerning the voluntariness of his statements to police is also not reviewable on appeal as it was not first presented to the district court. Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 
 7
 Upon review we affirm the district court's judgment as Reddick has failed to show that he was denied a fundamentally fair trial. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 8
 Reddick's claim of prosecutorial misconduct is without merit. Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974). And, although we conclude that the Michigan Supreme Court waived Reddick's procedural default regarding his unfair identification issue by not expressly relying on the default when it denied discretionary review, see Johnson v. Burke, 903 F.2d 1056, 1059-60 (6th Cir.1990), we also conclude that the admission of the identification was fair and proper under the totality of the circumstances. See Neil v. Biggers, 409 U.S. 188, 199 (1972).
 
 
 9
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation