915 F.2d 1573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William F. SMITH, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 90-5072.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 William F. Smith, a pro se Tennessee prisoner, appeals the district court's order dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smith was indicted for first-degree murder in 1983. On September 7, 1983, he pled guilty to second-degree murder pursuant to a plea agreement and was sentenced to sixty years imprisonment. The judgment indicated a determination that Smith was guilty of an aggravated offense under Tennessee law and was therefore subject to a "Range II" sentence.
 
 
 3
 After exhausting his state post-conviction remedies, which included an evidentiary hearing before the Tennessee Circuit Court, Smith filed a petition for habeas corpus relief with the district court on September 6, 1989. He alleged: (1) ineffective assistance of counsel, (2) coerced guilty plea, (3) illegal sentence, (4) cruel and unusual punishment, and (5) prosecutorial misconduct.
 
 
 4
 In a memorandum opinion and order entered on September 14, 1989, the district court determined that: (1) Smith's claim that his sentence is illegal under Tennessee law is not cognizable under 28 U.S.C. Sec. 2254; (2) the length of Smith's sentence is within the statutory maximum for second-degree murder and is not so unjust or disproportionate as to constitute cruel and unusual punishment; and (3) Smith's claim of prosecutorial misconduct would not be considered because he alleged no specific facts to support this claim. The respondent was ordered to answer the remaining claim.
 
 
 5
 On December 15, 1989, the district court entered a memorandum and order denying the writ, as it found Smith's remaining claim of ineffective assistance of counsel, based on an allegedly coerced guilty plea, to be meritless.
 
 
 6
 On appeal, Smith argues that the district court erred in not considering the illegality of his sentence and in relying on the findings of fact made by the Tennessee Court of Criminal Appeals. He continues to assert his ineffective assistance of counsel claim. Smith also requests the appointment of counsel in his brief.
 
 
 7
 Upon review, we shall affirm the district court's order for the reasons stated in its memoranda entered September 14, 1989, and December 15, 1989, and because the proceedings accorded Smith were fundamentally fair. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). The district court did not err in relying on the findings of facts made by the Tennessee Court of Criminal Appeals because Smith has not presented convincing evidence that those findings are erroneous. Sumner v. Mata, 449 U.S. 539, 548 (1981).
 
 
 8
 Accordingly, the request for counsel is denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.