918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ranzle Lee GOODLET, Petitioner-Appellant,
v.
AL C. PARKE, Warden Kentucky State Reformatory, Respondent-Appellee.
 No. 90-5223.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ranzle Lee Goodlet, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his petition for writ of habeas corpus, Goodlet raised six arguments, all dealing with ineffective assistance of counsel: (1) his trial counsel failed to challenge two prior convictions which were invalid for enhancement purposes as a Persistent Felony Offender (PFO); (2) trial counsel failed to subpoena three witnesses who were material to petitioner's defense; (3) trial counsel failed to obtain a handwriting expert to testify on behalf of the petitioner; (4) trial counsel failed to object to the prejudicial and erroneous testimony of petitioner's parole officer; (5) trial counsel failed to object to the admission of prior indictments in the PFO phase of the trial which were prejudicial to the petitioner; and (6) trial counsel failed to file for any type of discovery so as to prepare an adequate defense for the petitioner.
 
 
 3
 The district court determined that Goodlet had not established cause and prejudice to excuse his failure to present his fourth, fifth and sixth issues to the state courts, and that he had not received ineffective assistance of counsel. Goodlet has filed a timely appeal in which he challenges the district court's decision only as to the first three issues. In his brief, he requests the appointment of counsel.
 
 
 4
 As Goodlet has not challenged the district court's decision that he failed to establish cause and prejudice to permit review of his last three issues raised in his petition, the issues are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Upon review of the first three issues raised in his petition, we conclude the district court properly dismissed the habeas petition because Goodlet has failed to show that he was denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). Goodlet has not established that his counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render his trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Accordingly, we deny counsel and affirm the judgment of dismissal for the reasons set forth in the magistrate's report and recommendation filed on August 25, 1989 and in the district court's order filed on January 24, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.