919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oscar PROCK, Petitioner-Appellant,
v.
Jack MORGAN, Warden, et al. Respondents-Appellees.
 No. 90-5513.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and BALLANTINE, Chief District Judge.*
 
 ORDER
 
 2
 Oscar Prock, a pro se Tennessee prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his petition Prock raises nine arguments: (1) insufficient evidence to find guilt beyond a reasonable doubt for every element of the offenses charged; (2) insufficient evidence to support Prock's larceny convictions; (3) insufficient evidence to support Prock's convictions for receiving and concealing stolen property; (4) variance between the indictments and the proof presented at trial; (5) denial of fifth, sixth, and fourteenth amendment rights when the jury acquitted a codefendant on similar charges; (6) violation of the double jeopardy clause; (7) improper jury instructions on the constitutional requirements for habitual criminality; (8) improper jury instructions on the elements of habitual criminality; and (9) ineffective assistance of counsel.
 
 
 4
 The district court dismissed Prock's petition, finding all of his claims to be without merit. Prock has filed a timely appeal in which he challenges the district court's resolution of issues 1, 2, 3, 4, 6 and 9. Prock has filed a motion requesting the appointment of counsel.
 
 
 5
 As Prock has not challenged the district court's decision on issues 5, 7 and 8, these issues are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude the district court properly dismissed the habeas petition because Prock has failed to show that he was denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). Prock has not established that his counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Sufficient evidence existed at trial for any rational finder of fact to accept the evidence as establishing each essential element of the crime. See Jackson v. Virginia, 443 U.S. 307 (1979). An impermissible variance did not exist between the terms of the indictment and the evidence offered at trial. United States v. Robison, 904 F.2d 365, 369 (6th Cir.1990), petition for cert. filed (Aug. 30, 1990). Lastly, Prock did not receive multiple punishments for the same offense in violation of the double jeopardy clause. Ohio v. Johnson, 467 U.S. 493, 498 (1984).
 
 
 7
 Accordingly, we deny the motion for counsel and affirm the judgment of dismissal for the reasons set forth in the district court's order filed on January 30, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation