925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene KERRENT, Petitioner-Appellant,
v.
Harwell R. HATFIELD, Respondent-Appellee.
 No. 90-5559.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Eugene Kerrent, a Tennessee state prisoner, requests the appointment of counsel on appeal from the district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kerrent was convicted following a jury trial of aggravated kidnapping and habitual criminality and was sentenced to life imprisonment. After exhausting his state court remedies, he filed this petition arguing that there was insufficient evidence to support his conviction and that he was denied the right to confrontation when his codefendant's statement was admitted at their joint trial.
 
 
 3
 Upon consideration, this court concludes that the petition was properly dismissed, as Kerrent received a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). Viewing the evidence in a light favorable to the prosecution, a rational trier of fact could have found Kerrent guilty of aggravated kidnapping. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). There was sufficient evidence to support a finding that the victim's mental condition was manifestly such that she was unable to appreciate the harmfulness of her detainment, thus rendering it presumptively against her will. Kerrent misunderstands the statutory definition of aggravating circumstances. The victim must only have suffered serious bodily injury or been the victim of a felony as a result of her detainment; Kerrent need not have committed the injury or felony himself. Finally, he was not denied the right of confrontation, as his codefendant's statement was redacted to omit any reference to Kerrent, and a limiting instruction was given. See Richardson v. Marsh, 481 U.S. 200, 211 (1987).
 
 
 4
 Accordingly, the request for counsel is denied and the district court's judgment affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.