925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jay D. STREET, III, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 89-2411.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Petitioner, Jay D. Street, III, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, he requests to proceed on appeal in forma pauperis, the appointment of counsel, and a transcript at government expense. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A Michigan jury convicted Street on November 23, 1979, of the offenses of armed robbery, assault with intent to rob and felony firearm. Between December 5, 1979, and January 31, 1980, Street was convicted three more times for armed robbery and felony firearm. He was sentenced to five concurrent terms of 25 to 75 years imprisonment for the armed robbery and assault convictions and consecutive sentences ranging from 2 to 10 years for the felony firearm convictions.
 
 
 4
 After exhausting his state court remedies, Street filed the instant petition for a writ of habeas corpus in the District Court for the Eastern District of Michigan. In his petition, he raised five issues: (1) he was denied due process, equal protection and his right to effective representation because he was tried with a codefendant who asserted an "antagonistic defense;" (2) he was denied due process because he was impeached by a prior "similar" conviction for robbery; (3) he was denied due process because the trial court denied his motions for mistrial; (4) he was denied due process because of prosecutorial misconduct during closing arguments; and (5) he was denied due process because of the trial judge's bias and "technical difficulties" concerning the admission of evidence. After reviewing the answer and Street's traverse, the district court denied the petition as meritless. This appeal followed.
 
 
 5
 Concerning the request for in forma pauperis status, we note that the clerk's office allowed Street to proceed as a pauper in this case. Therefore, Street's request for pauper status is moot.
 
 
 6
 We further note that Street has not raised issue three on appeal; therefore, it is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Upon examination of the record and for the reasons stated by the district court in its thorough opinion and order dated November 30, 1989, we conclude that Street was not denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 8
 Accordingly, the request for in forma pauperis status is denied as moot, the requests for counsel and a transcript at government expense are denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation