947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Carl FRY, Petitioner-Appellant,
v.
John HAWLEY, Respondent-Appellee.
 No. 91-1425.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1991.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 John Carl Fry, a Michigan state prisoner, moves for the appointment of counsel on appeal from the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Fry was convicted following a jury trial of first degree murder and mutilation of a body. He was sentenced to life imprisonment without parole and six years, eight months to ten years, respectively. He filed a motion for a new trial in the trial court, arguing that he was denied due process and effective assistance of counsel. The motion was denied after an evidentiary hearing. The same two issues were raised on direct appeal, and rejected by the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. Fry then filed this petition, again raising the same two claims. The district court denied relief, and this appeal followed. Fry's brief on appeal is restricted to the argument that he was denied effective assistance of counsel because his attorney did not call his co-defendant to testify. Fry claims that her testimony would have corroborated his defense that the murder was not premeditated.
 
 
 4
 Upon consideration, we conclude that this petition was properly denied. At the hearing on the motion for new trial, Fry's trial counsel testified as to the numerous strategic reasons for not calling the co-defendant to testify. These reasons are supported by the record. Strategic choices made after a thorough investigation of the law and facts relevant to the plausible options are virtually unchallengeable. Strickland v. Washington, 466 U.S. 668, 690 (1984). Fry received a fundamentally fair trial and is not entitled to habeas relief. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). The motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge for the Eastern District of Kentucky, sitting by designation