959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Earl FORD, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 No. 91-2323.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 David Earl Ford, a Michigan state prisoner, requests the appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ford was convicted following a jury trial of bank robbery and felony firearm, and was sentenced to twenty to forty years and two years imprisonment, to run consecutively. His conviction was affirmed on direct appeal. The district court dismissed this habeas petition after review of the merits of the claims raised.
 
 
 3
 Upon review, it is concluded that the dismissal of this petition was proper, as Ford was not denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 4
 Ford argues that suggestive pretrial identification procedures tainted his in-court identification by three bank tellers. The state court held a hearing on this issue and concluded that the men in the line up from which all three of the tellers identified Ford were physically similar and that nothing suggested petitioner as the suspect. Ford claims that in fact the other men were physically dissimilar, particularly because three of them were shorter, and that only he fit the previous description of the suspect. In fact, the record shows that the witnesses had described the robber as being shorter than Ford, and this was emphasized by defense counsel at trial. The trial court's findings are supported by the record, and Ford's arguments are without foundation. Appellant also argues that he was entitled to an evidentiary hearing because a photo display, from which he was identified by one of the tellers, is not in the record and may have been suggestive in some way. As the state court of appeals noted in rejecting this argument, "[t]here is nothing in the record to suggest that the photograph of defendant stood out in the showup."
 
 
 5
 The other issue argued by Ford on appeal concerns the admission of evidence allegedly seized in violation of the Fourth Amendment. This issue too was fully argued in the state courts, and therefore provides no basis for federal habeas relief. See Stone v. Powell, 428 U.S. 465, 482 (1976).
 
 
 6
 Other issues raised in the district court have been abandoned on appeal and will not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 The request for counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.