960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold Lee STEVENS, Petitioner-Appellant,
v.
John PRELESNIK, Respondent-Appellee.
 No. 91-2310.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Harold Lee Stevens, a Michigan state prisoner, moves for the appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stevens was convicted following a jury trial of first degree murder and conspiracy to commit murder. He was sentenced to imprisonment for life without parole and thirty to sixty years, respectively. His conviction was affirmed on appeal. In this habeas petition, he alleged that his confession should have been suppressed on a number of grounds, that he should have received a separate preliminary examination from his co-defendants, that he should have been granted a mistrial after allegedly prejudicial testimony by a police officer, and that statements of his co-conspirators were erroneously admitted into evidence. The magistrate judge recommended that the petition be dismissed, and the district court adopted this recommendation over the petitioner's objections.
 
 
 3
 Upon review, it is concluded that Stevens received a fundamentally fair trial and that this petition for a writ of habeas corpus was properly dismissed. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). Accordingly, the motion for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.