978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome SWEEZER, Petitioner-Appellant,
v.
Gene E. BORGERT, Respondent-Appellee.
 No. 91-2415.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1992.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and WELLFORD Senior Circuit Judge.
 
 ORDER
 
 2
 Jerome Sweezer, a Michigan state prisoner, moves for the appointment of counsel on appeal from the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sweezer was convicted following a jury trial of two counts of second degree murder and two counts of armed robbery. He was sentenced to concurrent terms of life imprisonment for the murders and forty to eighty years for the robberies. After exhausting state court remedies, he filed this petition raising seven issues. The magistrate judge recommended that the petition be denied, and this recommendation was adopted over Sweezer's objections.
 
 
 4
 Upon review, it is concluded that this petition for a writ of habeas corpus was properly denied, as Sweezer received a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). His objection to being bound over for trial after the preliminary exam is not a basis for overturning his conviction. See Gerstein v. Pugh, 420 U.S. 103, 119 (1975). The record shows that there was sufficient evidence presented to support both the denial of Sweezer's motion for a directed verdict and the jury's finding of guilt. There was no error in the jury instructions, and the failure to give a lesser-included offense instruction is not a basis for federal habeas relief in a non-capital case. See Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.) (plurality opinion) (en banc), cert. denied, 496 U.S. 929 (1990). The double jeopardy clause was not implicated by Sweezer's conviction on two counts of armed robbery, as he was subjected neither to successive prosecutions nor multiple punishments. See Ohio v. Johnson, 467 U.S. 493, 498 (1984). Finally, Sweezer's failure to object to the prosecutor's closing argument was deemed a procedural default by the Michigan Court of Appeals, and Sweezer has not argued cause or prejudice to excuse the default. See Engle v. Isaac, 456 U.S. 107, 128-29 (1982).
 
 
 5
 For all of the above reasons, the motion for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.