980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hector QUINTERO, Petitioner-Appellant,
v.
Harry K. RUSSELL, Warden, Respondent-Appellee.
 No. 92-3392.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1992.
 
 1
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Hector Quintero, an Ohio state prisoner, appeals through counsel the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Quintero was convicted following a jury trial of trafficking in drugs, permitting drug abuse, and possession of criminal tools, and was sentenced to six to twenty-five years imprisonment. After exhausting state court remedies, he filed this petition for habeas relief, arguing that the nondisclosure of the identity and address of the state's main witness had denied him his rights to confrontation, effective assistance of counsel, due process and a fair trial, in violation of the Sixth and Fourteenth Amendments. The magistrate judge recommended that the petition be granted, but the district court rejected this recommendation and denied the petition. This appeal followed.
 
 
 4
 Upon review, it is concluded that this petition was properly denied, as Quintero was not denied a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). The record shows that the trial court denied disclosure of the witness's name and address after the prosecutor certified pursuant to Ohio Crim.R. 16(B)(1)(e) that disclosure might subject the witness and others to physical harm. Defense counsel was given, however, the witness's criminal record, the plea agreement he had been given in exchange for his testimony, and his prior statement to the police. He was also permitted to interview the witness before trial. He proceeded to cross-examine the witness extensively, inquiring into his education, work history, marital status, drug use, and income, as well as his extensive criminal history and the favorable plea agreement he had received in his most recent arrest. Under these circumstances, given the extensive impeachment of the witness's credibility that was accomplished on cross-examination, Quintero can demonstrate no prejudice from the withholding of the witness's name and address. See United States v. Fife, 573 F.2d 369, 377 (6th Cir.1976), cert. denied, 430 U.S. 933 (1977); United States v. Conder, 423 F.2d 904, 912 (6th Cir.), cert. denied, 400 U.S. 958 (1970).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation